# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2663

_____

| | | |
|---|---|---|
| Alice Coke, surviving spouse of Larry Coke, deceased, | * * * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Loadmaster Corporation, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant, | * | |
| | * | |
| Nathanial Macon; Downing Sales & Service, Inc., | * * | |
| | * | |
| Defendants. | * | |

_____

Submitted: April 12, 2011
Filed: July 6, 2011

_____

Before WOLLMAN and MELLOY, Circuit Judges, and MILLER,[1] District Judge.

_____

PER CURIAM.

Alice Coke, a Missouri citizen, is the surviving spouse of Larry Coke. Prior to his death, Larry worked as a garbage collector. On January 17, 2008, Larry was

_____

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

emptying a dumpster with a garbage truck when the dumpster struck him, resulting in his eventual death. On July 10, 2009, Alice filed an action in federal district court against Loadmaster—the alleged "designe[r] and manufacture[r]" of the garbage truck that Larry was operating at the time of his injury. Alice asserted claims against Loadmaster for products liability and breach of implied warranty of merchantability.

On April 29, 2010—prior to the district court's deadlines for amending pleadings and joining parties—Alice sought leave to amend her complaint to join two new defendants, Nathanial Macon and Downing Sales & Service, Inc. ("Downing"), who are both alleged to be Missouri citizens.[2] Alice alleges Macon was a co-worker of Larry's who was working with Larry at the time of his injury, and she alleges Downing "distributed and sold" the garbage truck. She asserts negligence claims against Macon, and she asserts products-liability, breach-of-implied-warranty-of-merchantability, and negligence claims against Downing.

Loadmaster opposed Alice's motion to join Macon and Downing. On June 30, 2010, however, the district court[3] found that joinder was proper pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure because all of Alice's claims against the defendants arise out of the same incident and because there are "several questions of law and fact common to all defendants." Thus, the court granted Alice's motion to amend pursuant to Rule 15(a)(2), which provides that "court[s] should freely give leave [to amend pleadings] when justice so requires." As a result of the joinder of Macon and Downing, however, the court found that it "no longer retain[ed] diversity

_____

[2] On May 3, 2010, Loadmaster filed a motion to amend its answer to add as an affirmative defense that Larry's injuries were caused by Macon and that Macon's fault "must be compared" to any fault attributed to Loadmaster.

[3] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

jurisdiction over [the] case." Thus, the court "dismissed [the case] without prejudice to refiling in state court."

Loadmaster appeals, arguing that the district court erred in granting Alice's motion to amend. Specifically, Loadmaster argues that joinder is improper pursuant to Rule 20(a)(2). Alternatively, Loadmaster argues that even if joinder is proper, the district court abused its discretion in allowing Alice's amendment pursuant to Rule 15(a)(2) because Alice was dilatory in seeking joinder, because Alice seeks joinder for the purpose of destroying the district court's jurisdiction, and because allowing joinder will unduly prejudice Loadmaster. Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307 (8th Cir. 2009) ("The trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion." (internal quotation marks omitted)). We have carefully reviewed the record and considered the parties' arguments. We find no error in the district court's order allowing Alice to amend her complaint. Therefore, we affirm the order of the district court. See 8th Cir. R. 47B.

_____